IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGETTE BENITA THORNTON,<br>    Petitioner, | : <br> : <br> : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | : <br> : | |
| SUPREME COURT OF GEORGIA et al.,<br>    Respondents. | : <br> : <br> : | CIVIL ACTION NO.<br>1:17-CV-277-WSD-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is serving a sentence of life imprisonment pursuant to her conviction for felony murder and other crimes in Clayton County in 2003. Petitioner previously challenged her judgment of conviction under 28 U.S.C. § 2254. Pet., *Thornton v. Seabolt*, No. 1:13-cv-3692-WSD (N.D. Ga. Nov. 5, 2013).

In 2014, the Court dismissed the habeas petition as untimely and denied a certificate of appealability. *Id.*, ECF No. 31. The U.S. Court of Appeals for the Eleventh Circuit dismissed Petitioner's appeal of that ruling and, on three occasions, denied Petitioner leave to file a second or successive habeas petition. *Id.*, ECF Nos. 33, 38, 40. In September 2016, this Court denied Petitioner's motions to set aside the judgment under Federal Rule of Civil Procedure 60, finding that those motions were unauthorized "successive Section 2254 petitions." *Id*, ECF No. 48 at 5.

AO 72A
(Rev.8/82)

In January 2017, Petitioner, pro se, sent the Court of Appeals an "Affidavit Notice of Intention." (Doc. 1 at 1; Doc. 1-2 at 2.) Petitioner explained in that document the reasons she delayed in challenging her judgment of conviction in state and federal court. (*Id.*) Petitioner addressed her notice to the court of appeals, Georgia's Supreme Court, Georgia's Attorney General, and Georgia's Department of Corrections. (*Id.* at 1.)

In response, the court of appeals' clerk sent Petitioner a letter construing her notice as a desire to appeal, informing her that it had no pending appeal for her, and forwarding her notice to this Court. (Doc. 1-1.) Upon receipt of those documents, the Clerk of this Court opened this new case and filed Petitioner's notice as a § 2254 petition. (Doc. 1.)

To the extent Petitioner's notice can be construed as a § 2254 petition, it is impermissibly successive because the court of appeals has denied Petitioner leave to file another § 2254 petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that state prisoner who "twice brought claims contesting the same custody imposed by the same judgment of a state court . . . was required to receive authorization from the Court of Appeals before filing his second challenge"). This case thus should be dismissed. *See* Rule 4, Rules Governing

Section 2254 Cases in the United States District Courts (requiring a federal court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"); *Day v. McDonough,* 547 U.S. 198, 209-10 (2006) (holding that district courts may sua sponte dismiss a habeas petition after affording the parties fair notice).[1]

Given the court of appeals' view that Petitioner's notice is a desire to appeal, the notice should have been docketed as a notice of appeal in 1:13-cv-3692-WSD. Liberally construing the notice, Petitioner may intend to appeal the Court's denial in September 2016 of her Rule 60 motions in that case. Thus, the notice should be docketed as a notice of appeal of the Rule 60 Order.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** under Rule 4 as an unauthorized successive habeas petition over which the Court lacks jurisdiction. The undersigned **FURTHER RECOMMENDS** that the Court order that Petitioner's notice [1] be docketed as a notice of appeal of the Court's Rule 60 Order in 1:13-cv-3692-WSD.

---

[1] This Report and Recommendation provides such notice.

3

AO 72A
(Rev.8/82)

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* in this case for purposes of dismissal only.

**SO ORDERED & RECOMMENDED** this 30 day of January, 2017.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)