IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGETTE BENITA THORNTON,<br><br>    Petitioner,<br><br>v.<br><br>SUPREME COURT OF GEORGIA, Clerk of Court, UNITED STATES COURT OF APPEALS, Clerk of Court, STATE OF GEORGIA ATTORNEY GENERAL, and DEPARTMENT OF CORRECTIONS COMMISSIONER,<br><br>    Respondents. | 1:17-cv-277-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [2], recommending that this action be dismissed and that Petitioner Georgette Benita Thornton's ("Petitioner") Affidavit Notice of Intention [1] ("Notice") be docketed in Thornton v. Seabolt, No. 1:13-cv-3692-WSD (N.D. Ga. Nov. 5, 2013) (the "Seabolt Action"). Also before the Court are Petitioner's Objections [5] to the R&R.

## I. BACKGROUND

In October 2003, in the Superior Court of Clayton County, Petitioner was convicted of felony murder and concealing the death of another. Petitioner was sentenced to life imprisonment plus five years. On October 3, 2005, the Georgia Supreme Court affirmed Petitioner's convictions. Thornton v. State, 620 S.E.2d 356 (Ga. 2005). Eight years later, on October 30, 2013, Petitioner filed her Seabolt Action in the United States District Court for the Northern District of Georgia, seeking habeas relief under 28 U.S.C. § 2254. On July 25, 2014, the Seabolt court dismissed Petitioner's habeas petition as untimely. On October 17, 2014, the Court of Appeals for the Eleventh Circuit dismissed Petitioner's appeal of the district court's denial of habeas relief. On September 4, 2014, October 3, 2014, and April 10, 2015, the Eleventh Circuit denied Petitioner's applications for leave to file a second or successive habeas corpus petition. On September 2, 2016, the Seabolt court denied Petitioner's motions for relief under Federal Rule of Civil Procedure 60, finding that the motions, properly construed, were unauthorized "successive Section 2254 petitions." Seabolt Action, Doc. No. 48 at 5.

In January 2017, Petitioner, *pro se*, sent her Notice to the Court of Appeals for the Eleventh Circuit. The Notice is addressed to "Georgia Supreme Court

(Clerk of Court),"  "United States Court of Appeals (Clerk of Court)," "State of Georgia Attorney General," and "Department of Corrections Commissioner." (Notice at 1). Petitioner's Notice seeks to explain the "reasons for delay in filing direct or collateral attack challenging Petitioner's conviction." (Notice at 1). The Notice states that Petitioner "has not been able to properly access the courts through the prison," and that "an 'Ex Parte Application' is needed by Petitioner to further her direct attack and collateral attack in both the Supreme Court of Georgia and the United States Court of Appeals." (Notice at 1-2).

On January 20, 2017, the Clerk of Court for the Eleventh Circuit Court of Appeals mailed a response to Petitioner, copying the Clerk of Court for the District Court for the Northern District of Georgia. ([1.1]). The Court of Appeals Clerk construed the Notice as a "Notice of Appeal and/or Motion for Certificate of Appealability" in the <u>Seabolt</u> Action, and "forwarded [it] to the district court to be filed as of the date received in th[e] [Court of Appeals], January 17, 2017." ([1.1] at 2). On January 24, 2017, the Notice was docketed, in this case, as a habeas corpus petition under Section 2554. ([1]).

On January 30, 2017, the Magistrate Judge issued her R&R, recommending that this action be dismissed and that Petitioner's Notice be docketed, in the

3

Seabolt Action, as a notice of appeal. On February 8, 2017, Petitioner filed her *pro se* Objections [5] to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Petitioner has filed 40 pages of handwritten objections to the R&R, attaching 49 pages of exhibits. Petitioner's Objections are rambling, incoherent, and difficult to understand. They include a request "to mandate 'to issue a court order' a requirement mandating the warden Ms. Mickens to comply with Federal Rules of Civil Procedure." ([5] at 1). The Objections also refer repeatedly to the

4

Seabolt Action and appear to seek equitable tolling of the limitations period applicable to federal habeas petitions. Petitioner does not clearly challenge any specific portions of the R&R, and the Court thus reviews the Magistrate Judge's findings and recommendations for plain error. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").[1]

B.  Analysis

"A state prisoner who has previously filed a § 2254 petition in federal court must obtain authorization from [the Eleventh Circuit Court of Appeals] before filing a 'second or successive' collateral attack on the same conviction." Philistin v. Warden, ___ Fed. App'x ___, 2017 WL 3129105, at *1 (11th Cir. July 24, 2017). "Without authorization, the district court lacks jurisdiction to consider a successive § 2254 petition and must dismiss the claims presented therein." Id. The Magistrate Judge found that this action should be dismissed because, "[t]o the extent Petitioner's notice can be construed as a § 2254 petition, it is impermissibly successive because the court of appeals has denied Petitioner

---

[1] The Court would reach the same conclusions expressed in this Order even if Petitioner had filed proper objections and the Court conducted a *de novo* review of the record.

5

leave to file another § 2254 petition." (R&R at 2). The Court finds no plain error in the Magistrate Judge's determination, and this action is dismissed.

The Magistrate Judge also found that, "[g]iven the court of appeals' view that Petitioner's notice is a desire to appeal, the notice should have been docketed as a notice of appeal in [the Seabolt Action]." (R&R at 3). The Magistrate Judge concluded that, "[l]iberally construing the notice, Petitioner may intend to appeal the Court's denial in September 2016 of her Rule 60 motions in that case." (R&R at 3). The Magistrate Judge thus recommends docketing Petitioner's Notice, in the Seabolt Action, as a notice of appeal of the Seabolt court's September 2, 2016, Order denying relief under Rule 60 of the Federal Rules of Civil Procedure. The Court finds no plain error in the Magistrate Judge's findings and recommendations. The Court of Appeals Clerk sent the Notice to this Court, intending it to be filed as a notice of appeal in the Seabolt Action. That it was docked in this case, as a Section 2554 habeas petition, appears to have been a clerical error. The Court agrees with the Magistrate Judge that the Notice should now be docketed in the Seabolt Action, as the Court of Appeals Clerk initially intended.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections [5] are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk is **DIRECTED** to docket Petitioner's Notice [1] in Thornton v. Seabolt, No. 1:13-cv-3692-WSD (N.D. Ga. Nov. 5, 2013). The Notice shall be docketed as a notice of appeal of the Seabolt court's September 2, 2016, Order, which is document number 48 in that case.

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE